United States Court of Appeals,

Fifth Circuit.

No. 94-10800.

Alton R. MACKEY, Plaintiff-Appellant,

v.

Rick DICKSON, et al., Defendants-Appellees.

March 16, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before KING, GARWOOD and BENAVIDES, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Alton R. Mackey (Mackey) appeals the district court's dismissal of his section 1983 suit as frivolous pursuant to 28 U.S.C. § 1915(d). We vacate and remand.

Facts and Proceedings Below

Mackey, a Terry County, Texas Jail inmate, filed this suit on June 22, 1994, pursuant to 42 U.S.C. § 1983 against four law enforcement officers and a prosecutor asserting, *inter alia,* an unreasonable search and seizure claim.[1] The district court granted Mackey leave to proceed *in forma pauperis.* Mackey alleges that he was arrested on January 15, 1993, harassed by officers, and then released. Mackey also alleges that he was again arrested on March 3, 1994, and subsequently indicted on March 21, 1994, for delivery

_____

[1]Mackey's complaint named Permian Basin Drug Task Force Agent Rick Dickson, Brownfield Police Chief Bill Avery, Assistant Chief Roy Rice, County Sheriff Jerry Johnson, and prosecutor G. Dwayne Pruitt as defendants. For the first time on appeal, Mackey names three additional Permian Basin Drug Task Force Agents as defendants: Shirley Lee, Steve Fuertez, Tony Bowdoin.

1

of cocaine in June, July, and August 1993.[2]   Where the form complaint that Mackey used asks the plaintiff to state the relief sought, Mackey wrote that he would "state relief latter [sic]."[3]

The district court *sua sponte* and without prior notice determined that Mackey was attacking the constitutionality of his arrest.  Because the district court held that "an attack on the constitutionality of an arrest is an attack on the fact of confinement," it determined that Mackey's complaint was a habeas corpus action and dismissed it for failure to exhaust state remedies.  In addition, the district court held that, to the extent Mackey sought tort damages in his section 1983 action, his claim was not actionable unless and until the validity of his conviction is called into question and therefore dismissed his claim.  On July 26, 1994, the district court entered a judgment dismissing Mackey's complaint without prejudice.  No *Spears* hearing was held;  nothing was filed on behalf of any of the defendants.  Mackey filed a timely notice of appeal.

## Discussion

Dismissal of an *in forma pauperis* petition under 28 U.S.C. § 1915(d) is appropriate where the district court is satisfied that the action is frivolous.  An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490

---

[2]This March 21, 1994, indictment is the most recent event described by Mackey.

[3]The district court did not dismiss on this basis (as it perhaps could have had Mackey persisted in a refusal to state what relief he desired).  In his brief on appeal, Mackey states for the first time that he is seeking monetary damages.

U.S. 319, 323-25, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *see also Booker v. Koonce,* 2 F.3d 114, 115-16 (5th Cir.1993). We review a district court's section 1915(d) dismissal for abuse of discretion. *Denton v. Hernandez,* --- U.S. ----, ----, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

If success for the plaintiff in his section 1983 suit would challenge the constitutionality of his conviction and the plaintiff cannot show that the conviction has been reversed, expunged, invalidated, or called into question by the issuance of a habeas writ, the district court may properly dismiss the section 1983 claim under section 1915(d). *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir.1994), applying *Heck v. Humphrey,* --- U.S. ----, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). However, if the district court decides "that the plaintiff's [section 1983] action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck,* --- U.S. at ---- - ----, 114 S.Ct. at 2372-73.

While Mackey's pro se complaint is confusing, the district court construed it as an attack on the constitutionality of his arrests. It is well established that a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest. *United States v. Wilson,* 732 F.2d 404, 410 (5th Cir.), *cert. denied,* 469 U.S. 1099, 105 S.Ct. 609, 83 L.Ed.2d 718 (1984) (citing *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Frisbie v. Collins,*

3

342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886)). *See also Brown v. Edwards,* 721 F.2d 1442, 1448 (5th Cir.1984) ("[T]here is nothing necessarily inconsistent between the arrest being illegal and [the] conviction being proper.").

The record does not clearly reflect that a successful attack on Mackey's arrests will implicate the validity of his confinement. It is not clear whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck.* Of course, in any event any equitable relief in the nature of release from confinement would be barred by *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck.* Accordingly, the district court erred in dismissing the claims on the basis of *Heck.*

4

The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

The judgment of the district court is VACATED and the cause is REMANDED.