# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-40208

DAWUD MALIK, a/k/a
Kenneth D. Collins,

Plaintiff-Appellant,

versus

JERRY GROOM, Director of Chaplains,
MARK PICKETT, JAMES A. SHAW, JR.,
Warden, JOHN STICE, Deputy Director,
WAYNE SCOTT, Director, TEXAS DEPART-
MENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION, BERNIE L. BUSH, and THOMAS J.
McKINNEY,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(6:94-CV-572)

February 29, 1996

Before POLITZ, Chief Judge, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dawud Malik, a/k/a Kenneth D. Collins, a black Muslim currently incarcerated in a

Texas prison, alleges that prison officials canceled Muslim services, failed to provide a pork-

free diet, prohibited the use of prayer caps and rugs outside of his cell, forced him to remain

clean-shaven, and denied him receipt of religious materials mailed to the jail. Malik brought

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule
47.5.4.

this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* seeking damages and equitable relief for violations of the first amendment and the Religious Freedom Restoration Act.[1]

After conducting two **Spears** [2] hearings, the magistrate judge analyzed the legal merits of Malik's claims and recommended that his complaint be dismissed as frivolous under 28 U.S.C. § 1915(d). The district court adopted that recommendation and entered a dismissal order. Malik timely appealed.

A petition in which *in forma pauperis* status is sought may be dismissed under section 1915(d) if the district court is satisfied that the action is frivolous or malicious.[3] On appeal we review that determination for an abuse of discretion.[4]

In this instance we must conclude that the court abused its discretion. Malik's complaint alleges cognizable limitations which the state imposed on his religious expression. These allegations, which are neither fanciful nor delusional, state a tenable claim under section 1983. We cannot agree, as the court *a` quo* suggests, that Malik seeks relief only under an "indisputably meritless legal theory."[5]

The record contains the trial court's thorough analysis of the legal merits. Expressing no opinion about the results of that analysis, we must note its prematurity. As the Supreme Court has made clear to us, dismissals under section 1915(d) are reserved for those claims which have no prospect of success, not those which merely fail as a matter of law. The latter

---

[1] 42 U.S.C. §§ 2000bb - 2000bb-4.

[2] **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

[3] **Mackey v. Dickson**, 47 F.3d 744 (5th Cir. 1995).

[4] **Denton v. Hernandez**, 504 U.S. 25 (1992).

[5] **Neitzke v. Williams**, 490 U.S. 319, 327 (1989). This is particularly true insofar as the RFRA is concerned, considering that "its statutory contours are vague and its legal limits and standards have yet to be defined." **Hicks v. Garner**, 69 F.3d 22, 26 (5th Cir. 1995).

instances are to be addressed under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, which assure applicable procedural protections.[6]

We therefore VACATE the judgment of the district court and REMAND for further proceedings consistent herewith.

---

[6]**Neitzke** at 329-330 (distinguishing between Rule 12(b)(6) and section 1915(d) dismissals).