**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-40003

(Summary Calendar)

_____

CALVIN RAY HYDER,

Plaintiff-Appellant,

v.

PEREZ, Head Warden,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas, Corpus Christi
(C-95-CV-608)
_____

April 29, 1996

Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Calvin Ray Hyder, a prisoner of the State of Texas, filed a

civil rights action pursuant to 28 U.S.C. § 1983 against Warden

Perez at the McConnell Unit in Beeville, Texas, asserting a

_____

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

violation of his rights under the Eighth Amendment. Proceeding *in forma pauperis*, Hyder alleged that he is being deprived of an adequate amount of food, causing hunger pains, headaches, decreased energy, weight loss, and emotional distress. The district court dismissed Hyder's claims as frivolous pursuant to 28 U.S.C. § 1915.

A petition brought by a claimant proceeding *in forma pauperis* may be dismissed under Section 1915(d) if the district court is satisfied that the case is frivolous or malicious. *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995). On appeal we review that determination for an abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25 (1992).

Hyder first contends that he is not receiving adequate food to provide him with proper nutrition as required by the Eighth Amendment and consent decree in *Ruiz v. Estelle*, 503 F.Supp. 1265 (S.D. Tex. 1980), *aff'd in part and vacated in part*, 679 F.2d 1115, *amended in part and vacated in part,* 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983). We agree, however, with the trial court's finding that Hyder's contentions about the quantity of food do not rise to the level of a constitutional deprivation. The food described constituted nutritional items, and Hyder's claims that the quantities were inadequate lack an arguable basis in law or fact, so dismissal under § 1915(d) was proper.

2

Hyder also argues that he was punished without a disciplinary hearing and given food loaf, which was inadequate and sometimes contaminated.  He contends that the nonemergency punishment, although temporary, violated due process.

"Because depriving a prisoner of adequate food is a form of corporal punishment, the eighth amendment imposes limits on prison officials' power to so deprive a prisoner."  Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1083 (5th Cir. 1991).  The level of process due depends on the severity of the sanction and the needs of the institution.  Id.  The district court did not inquire concerning the circumstances of the food-loaf restriction or address the issue in its order of dismissal.

Further, the district court did not request that Hyder develop the facts concerning the contamination of the food loaf. "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986). However, Hyder alleged that the contamination consisted of grass, plastic, or tar and that it occurred five out of 27 times.

Hyder's allegations are not "fanciful, fantastic, and delusional." See Denton, 112 S. Ct. at 1733-34.  The district court should have provided a questionnaire or a Spears[1] hearing

---

Spears v. McCotter, 766 F.2d 179, 182 (5th Cir. 1985).

3

to assist Hyder in developing the allegations in his complaint. The district court abused its discretion by dismissing the complaint without any effort to allow Hyder to amend the due process claim or the contaminated-food claim. <u>Eason</u>, 14 F.3d at 9.

The district court did not address Hyder's claim that the decreased quantity of food was an act of retaliation by officials. An inmate may not be retaliated against because he exercises his right to access to the courts. <u>Gibbs v. King</u>, 779 F.2d 1040, 1046 (5th Cir.), <u>cert. denied</u>, 476 U.S. 1117 (1986). However, Hyder does not raise this issue on appeal, and it is deemed abandoned. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, we AFFIRM the judgment of the district court concerning the alleged Eighth Amendment deprivation of a sufficient quantity of food and the retaliation claim. We VACATE and REMAND for further proceedings the portion of the judgment that dismissed as frivolous Hyder's due process claim and the contaminated-food-loaf claim. Given this disposition, Hyder's motions for appointment of counsel and for production of evidence are denied.

AFFIRMED in part; VACATED and REMANDED in part; motions DENIED.