IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20324
Summary Calendar
_____

GERALD T. ARMSTRONG,

                                        Petitioner-Appellant,

versus

L.W. ZOHN, Sergeant; JOHN DOE; JANE DOE; RONNIE LOPEZ;
DENNIS GONDY; LISA JOHNSON; GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-2163
- - - - - - - - - -
December 7, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gerald Thomas Armstrong (#768439), a state prisoner, has requested a certificate of appealability ("COA") authorizing an appeal from the district court's order construing his civil rights action as an application for a writ of habeas corpus. The district court dismissed the habeas claims because Armstrong had failed to obtain leave of this court to file a second or successive habeas application. <u>Armstrong v. Johnson</u>, No. H-97-2163 (S.D. Tex. March 16, 1998) (unpublished). To the extent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Armstrong had raised a civil rights claim, the district court held that the claim must be dismissed under the rule in Heck v. Humphrey, 512 U.S. 477 (1994). Id.

Armstrong contends that he was unlawfully arrested prior to the revocation of his supervised release and that he should be permitted to pursue his wrongful-arrest claim under § 1983.[**] Applying the reasoning of our opinion in Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995), we hold that the dismissal of this claim was premature. See also Montoya v. Scott, 65 F.3d 405, 421 (5th Cir. 1995). Because the appeal is from an order dismissing a claim under 42 U.S.C. § 1983, COA is DENIED AS UNNECESSARY. We VACATE the district court's judgment dismissing the wrongful-arrest claim and REMAND the case for further proceedings.

COA DENIED AS UNNECESSARY; VACATED AND REMANDED.

---

[**] Armstrong has not briefed any issue related the district court's order dismissing his claim challenging the validity of the parole-revocation proceedings. Accordingly, the claim is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).