IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-30218
Summary Calendar

WAYNE GORDON,

                                        Plaintiff-Appellant,

versus

CITY OF NEW ORLEANS ET AL.,

                                        Defendants,

CITY OF NEW ORLEANS; CITY OF GRETNA; STATE
OF LOUISIANA, through the Jefferson Parish Sheriff's
Office and through the 24th Judicial District Court; YVONNE
L. HUGHES, Esquire; CURTIS W. THORNE, Deputy #809,
Jefferson Parish Sheriff's Office; STEPHEN P. RANDON,
Deputy #103261, Jefferson Parish Sheriff's Office; BESSIE E. GRIFFIN,

                                        Defendants-Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3191-T
-------------------------------------------------------------
February 11, 2000

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wayne Gordon, who is now a Louisiana prisoner (# 30540), appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. Gordon's motion for appointment of counsel for this appeal is DENIED.

The district court did not abuse its discretion in ruling that: Gordon's claims for damages against defendants David Wolff, Cornelius Regan, and Paul D. Connick, Jr., were barred by the doctrine of prosecutorial immunity; his claims for damages against Justice of the Peace Vernon Wilty were barred by the doctrine of judicial immunity; and that his claims for damages against the State of Louisiana were barred by Eleventh Amendment immunity. See Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). This court may affirm the district court's dismissal of other party-defendants on alternative grounds that are apparent from the record. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). Although defendants Jefferson Parish Sheriff's Office, the 24th Judicial District Court, and the Cities of New Orleans and Gretna may be considered "persons" within the meaning of § 1983, such defendants may not be held liable under a respondeat superior theory. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 689 (1978). This is the only perceivable theory under which Gordon has sued these four defendants. As for the two private citizens Gordon has sued, his accuser Griffin and his criminal defense attorney Hughes, this court affirms as to the dismissal of these party-defendants because Gordon has failed to suggest how they conspired with or acted in concert with state actors. See Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).

Accordingly, the district court's judgment is AFFIRMED with respect to defendants Wolff, Regan, Connick, Wilty, the State of Louisiana, the Jefferson Parish Sheriff's Office, the 24th Judicial District Court, the City of New Orleans, the City of Gretna, Hughes, and Griffin.

This court VACATES and REMANDS as to the district court's ruling, however, that the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), barred his unlawful-arrest-and-imprisonment claims against defendants Thorne and Randon, the Sheriff's Office employees who allegedly arrested Gordon. "[A] claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995); see Gerstein v. Pugh, 420 U.S. 103, 119 (1975). There is no indication in the record that any evidence seized as a result of Gordon's arrest was used during his criminal prosecution for battery. See Mackey, 47 F.3d at 746. Accordingly, it is suggested that on remand district court further develop the facts concerning Gordon's false-arrest claim.

VACATED AND REMANDED IN PART; AFFIRMED IN PART ON OTHER GROUNDS; MOTION FOR APPOINTMENT OF COUNSEL DENIED.