IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31176
Summary Calendar
_____


WAYNE GORDON,

Plaintiff-Appellant,

versus

CITY OF NEW ORLEANS; ET AL

Defendants,

CURTIS W. THORNE, Deputy #809 Jefferson Parish Sheriff's Office,
STEPHEN P. RANDON, Deputy #103261 Jefferson Parish Sheriff's
Office,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3191-T
- - - - - - - - - -
August 7, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Wayne Gordon, Louisiana prisoner #95912, appeals the
district court's dismissal, after remand by this court, of his
42 U.S.C. § 1983 false-arrest-and-imprisonment claims against
Deputies Curtis Thorne and Stephen Randon, the Sheriff's Office
employees who allegedly arrested him.[**]  The district court did

_____

[*]  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

[**] The dismissal of Gordon's claims against the other named
defendants was affirmed by this court on February 11, 2000.

not abuse its discretion in ruling that Gordon's unlawful-arrest-and-imprisonment claims against Thorne and Randon were barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).  Although "a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest," the use at trial of evidence seized during the arrest subjects the claim to the Heck bar, since invalidation of the arrest would undermine the validity of the conviction.  Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).  Gordon does not contest that the gun seized during his arrest was used as evidence at his trial for aggravated battery, and the evidence submitted upon remand bears this out.  Accordingly, Gordon's unlawful-arrest-and-imprisonment claims against Deputies Thorne and Randon are barred by Heck.  Id.

AFFIRMED.