**Rick GUILLORY**

v.

**Dwayne WHEELER, et al**

**No. CIV.A. 03–649–D–1.**

United States District Court, M.D. Louisiana.

Feb. 6, 2004.

---

Alexis A. St. Amant, II, Attorney at Law, Baton Rouge, LA, for plaintiff.

Bradley Charles Myers, Lana Davis Crump, James M. Bernhard, III, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for defendants.

### RULING ON REQUEST TO STAY PROCEEDINGS

RIEDLINGER, United States Magistrate Judge.

This matter is before the court on the request of the defendants to stay further proceedings in this case pending resolution of the criminal charges pending against plaintiff Rick Guillory. The request was made during the scheduling conference held January 15, 2004. In compliance with the order issued following that conference, the defendants filed a memorandum supporting their request and the plaintiff filed an opposition memorandum.[1]

Plaintiff alleged in his complaint that during an incident which occurred on August 31, 2002, he was verbally and physically assaulted, without provocation, by defendant Dwayne Wheeler, a police officer employed by the Village of Slaughter. Plaintiff further alleged that, in an attempt to cover up his beating of the plaintiff, Wheeler accused the plaintiff of the crime of simple battery of a police officer in violation of LSA–R.S. 14:43.2. Plaintiff alleged that Slaughter police officer Hamp Guillory, along with Wheeler, prepared a false police report which they knew would be relied upon by the prosecuting attorney. Plaintiff was subsequently charged with the crime of battery on a police officer, which charge is still pending.

Relying primarily on *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the defendants requested that further proceedings in this case be stayed until the criminal charges have been resolved. Defendants acknowledge that *Heck* involved a section 1983 claim brought by a person already convicted of a criminal offense, whereas the charge against the plaintiff has not even been tried. Nevertheless, the defendants argued that the rationale of *Heck* should also preclude section 1983 claims relating to pending charges when a judgment in favor of the plaintiff in the civil case would necessarily imply the invalidity of any conviction or sentence that might result from the prosecution of the pending charges.[2] Defendants then argued that the plaintiff's false arrest claim would be barred by a criminal conviction. Defendants also argued that if the plaintiff is convicted, implicit in the conviction would be a finding that the arrest was lawful and the plaintiff was not justified in using force to resist it.[3] Defendants maintain that a contrary finding in this case would open the door for the plaintiff to collaterally attack a state court criminal conviction.

Finally, the defendants argued that the plaintiff's section 1983 claim against the Village of Slaughter should not proceed either until the criminal charges have been resolved. Defendants contend that there would be no underlying constitutional violation to support municipal or supervisory liability if the plaintiff's false arrest and excessive force claims are barred by a criminal conviction.

Plaintiff argued in his opposition memorandum that *Heck* does not explicitly ad-

---

1. Record document numbers 8 and 9, respectively.

2. Record document number 8, memorandum in support, pp. 3–4.

3. *Id.,* pp. 6–8.

dress claims, which if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge. Plaintiff acknowledged the holding in *Smith v. Holtz,* 87 F.3d 108, 113 (3rd Cir.1996), that the reasoning of *Heck* applies to potential convictions on pending criminal charges.[4]

Technically, *Heck* does not apply because the plaintiff has not been convicted, sentenced or imprisoned. Nonetheless, applying the *Heck* rationale to a pending conviction makes good sense as the court in *Smith, et al* explained.

The Supreme Court in *Heck* balanced the principles and interests of section 1983 claims and the federal habeas corpus statute by holding that a section 1983 action is not the appropriate vehicle for challenging the validity of convictions and sentences. The express objectives of the Court's holding were to preserve consistency and finality, and to prevent a collateral attack on a conviction through a civil suit. *Smith,* 87 F.3d at 113 (internal citations omitted). The *Smith* court then found that "these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge." *Id.* The court reasoned that if a civil action by a defendant in an ongoing criminal prosecution could proceed, there would be a potential for inconsistent determinations in the civil and criminal cases, and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. "In terms of the conflict which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter." *Id.* Because of these concerns, the court held that "a claim that, if successful, would

necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under section 1983." *Id.*

The thrust of *Heck* is to bar civil actions which, if decided favorably to the plaintiff, would necessarily imply the invalidity of the prior conviction or sentence. When the section 1983 plaintiff has not yet been tried or convicted, then a favorable determination in the civil action would necessarily imply the invalidity of a subsequent conviction, and the *Heck* rationale should be applied. The *Heck* rationale bars a criminal defendant from seeking in a section 1983 case a determination of the alleged unlawfulness of actions which would render not only a prior conviction, but also a subsequent conviction invalid.

Furthermore, prohibiting the plaintiff from proceeding with his section 1983 claims prior to the resolution of the pending criminal charge prevents the plaintiff from obtaining through discovery in the civil action information he could not obtain in the criminal case. For example, if this case were to proceed and the plaintiff conducted discovery, he could serve interrogatories and document requests on the defendants and take their depositions. No doubt those discovery devices would be used to uncover information which would likely be relevant and admissible in evidence at the criminal trial. However, such discovery devices are not available to the plaintiff as a defendant in the criminal case.

The Fifth Circuit Court of Appeals in *Mackey v. Dickson,* 47 F.3d 744 (5th Cir. 1995), faced a similar situation. Although not clear, it appeared that plaintiff Mackey had been confined after his indictment but had not yet been tried or convicted. Con-

---

4. In *Washington v. Summerville,* 127 F.3d 552, 556 cert. denied, 523 U.S. 1073, 118 S.Ct. 1515, 140 L.Ed.2d 668 (1998), the 7th Circuit reached the same conclusion.

sequently, the court could not determine whether *Heck* would, or would not apply.

If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrest would appear to undermine the validity of his conviction and hence be barred by *Heck*....

At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may—indeed should— stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

The same situation is presented here. Clearly, if the plaintiff is convicted of simple battery of a police officer, his section 1983 false arrest claim would be barred by *Heck* unless the conviction is reversed, expunged, or invalidated by a state tribunal. Similarly to *Mackey*, the court cannot determine at this time how the plaintiff's excessive force claim would be affected by a criminal conviction. It may not be possible to determine what effect, if any, the conviction would have without considering the evidence offered at the criminal trial.

In the circumstances of this case, the better course is to proceed as strongly suggested by the Fifth Circuit Court of Appeals—to stay proceedings in this case until the pending criminal case has run its course.

Accordingly, the defendant's request for a stay is granted. Further proceedings in this case are stayed pending resolution of the criminal charge against the plaintiff.