William T. BUSICK, Plaintiff–
Appellant,

v.

CITY OF MADISON MISSISSIPPI;
Eric C Palmer; Mike Brown; David
Scott Dufour; John Neal; Stephen
Patrick; Paul Bunch; Jeff N Robert-
son; David W Ruth; Catherine Reese;
Toby Trowbridge; Ted Womack; Ar-
thur Thompson; Fred Esco, Mrs;
Clint Kiner; Jane Doe Cheers; John A
Emfrey; and Mel Coxwell, Defen-
dants–Appellees.

No. 03–60518
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 2004.

William T Busick, Pearl, MS, pro se.

Before BARKSDALE, EMILO M.
GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

William T. Busick ("Busick"), Mississippi prisoner # 84027, appeals the dismissal of his civil rights action for failure to state a claim upon which relief may be granted upon initial screening by the district court pursuant to 28 U.S.C. § 1915A. The district court dismissed Busick's claims concerning his arrest and criminal prosecution with prejudice pursuant to *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and dismissed Busick's remaining claims without prejudice.

Because the criminal proceedings against Busick were still pending when the district court dismissed his case and are

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

still ongoing, it is impossible to determine whether Busick's claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that Busick has received or might receive. *See Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir.1995). Thus, the district court should have stayed the proceedings in this civil action pending the resolution of the criminal charges against Busick. *See id.; see also Heck,* 512 U.S. at 487 n. 8, 114 S.Ct. 2364. Accordingly, we VACATE and REMAND the district court's dismissal of Busick's claims concerning his arrest and criminal prosecution.

Prior to the dismissal of this action, Busick filed a second motion to amend his complaint and a second amended complaint that were not considered by the district court. Therefore, we also VACATE and REMAND the district court's dismissal of Busick's remaining claims so that the district court may decide in the first instance whether Busick should be granted leave to file his second amended complaint and whether any of the claims contained therein are viable. *See Youmans v. Simon,* 791 F.2d 341, 348 (5th Cir.1986).

▮ We, however, may affirm the dismissal of Busick's claims against certain party-defendants on other grounds apparent in the record. *See Sojourner T v. Edwards,* 974 F.2d 27, 30 (5th Cir.1992). All of the claims Busick brought against John A. Emfrey ("ADA Emfrey") and Mel Coxwell ("ADA Coxwell") involved acts they allegedly performed during the prosecution of criminal charges against Busick in the course of their duties as assistant district attorneys. "Criminal prosecutors enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers,* 31 F.3d 279, 285 (5th Cir.1994). Accordingly, we AFFIRM the district court's dismissal of Busick's

claims against ADA Emfrey and ADA Coxwell.

Busick's motions for leave to supplement the record on appeal are DENIED. Busick's motion for appointment of counsel is DENIED. Busick's motion for certification of question of state law is also DENIED.

VACATED AND REMANDED IN PART; AFFIRMED IN PART ON OTHER GROUNDS; MOTIONS FOR LEAVE TO SUPPLEMENT THE RECORD ON APPEAL DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION FOR CERTIFICATION OF QUESTION OF STATE LAW DENIED.