United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-51280
Summary Calendar

ALEXVENSKEE L. BROWN,

Plaintiff-Appellant,

versus

NECHELLIA D. TAYLOR; ALEX HARRINGTON; SARAH M. KENNEDY;
DAVID BERCHELMANN; FNU BURNETTE; SEX CRIME UNIT DETECTIVE;
CHRISTOPHER DE MARTINO; AMBER M. LIDDELL; UNKNOWN NURSE
WHOM COLLECTED EVIDENCE; ASSISTANT DISTRICT ATTORNEY;
POLICE OFFICER JOHN DOE; SUSAN D. REED,

Defendants-
Appellees.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
(04-CV-685)
-------------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM[*]:

Alexvenskee L. Brown, a detainee at the Bexar County (Tex.) Detention Center (S.I.D. #

736133), seeks to proceed in forma pauperis ("IFP") on appeal from the district court's dismissal of

his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim, under 28 U.S.C. §

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1915(e)(2)(B). In his complaint, Brown alleged, inter alia, that the defendants collectively had caused him to be charged with a criminal offense involving his common-law wife, Taylor, primarily by making false statements and by violating his Fourth Amendment rights.

By moving for leave to proceed IFP, Brown is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). The primary legal basis upon which the district court dismissed Brown's complaint is that his allegations were barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), in that he had not shown that the criminal proceedings against him had been reversed, expunged, or otherwise invalidated. This conclusion was correct insofar as Brown was seeking damages for a prior conviction of assault. See Heck, 512 U.S. at 486-87.

To the extent that Brown's allegations concerned pending criminal charges, however, the district court's dismissal of his civil-rights complaint under Heck was erroneous. Insofar as it remains unclear whether Brown has been tried or convicted on those charges, the district court should have stayed the instant action until the pending criminal case against Brown has run its course. See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).

We note that the district court correctly concluded that prosecutors and a trial judge named as defendants by Brown are entitled to prosecutorial and judicial immunity, see Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Pierson v. Ray, 386 U.S. 547, 553-54 (1962), and that Brown's court-appointed attorneys do not act under "color of state law" for purposes of 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981).

IT IS ORDERED that Brown's motion to proceed IFP is GRANTED.  The district court's judgment and certification decision is VACATED and the case is REMANDED for further proceedings pursuant to Mackey.

IFP GRANTED; VACATED AND REMANDED.