IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-50921

ANDRES ROBERTO CANO

Plaintiff-Appellant

v.

BEXAR COUNTY, TEXAS

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas, San Antonio
USDC No. 05-CA-454

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Andres Roberto Cano, proceeding pro se, appeals the district court's grant of summary judgment in favor of Bexar County, with respect to his civil rights suit brought pursuant to 42 U.S.C. § 1983. Finding no error, we affirm.

I.   BACKGROUND

On May 21, 2003, Cano was driving on Highway 90 in San Antonio and became involved in a "road rage" incident with another driver named Danny

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Campos. Both drivers exited the highway and pulled into a parking lot. Sergeant Amerson of the Bexar County Sheriff's Office observed Cano exit his vehicle and approach Campos's vehicle. Cano and Campos became involved in a physical altercation. Sergeant Amerson approached them and, along with three other Bexar County Sheriff's Deputies, stopped the fight. While arresting Cano, Sergeant Amerson struck Cano with his armament systems and procedures baton ("ASP baton"). Cano was taken to the hospital and then to jail.

Cano was charged in Bexar County state court with misdemeanor assault with bodily injury, and a jury found him guilty of assaulting Campos. He was sentenced to 180 days in county jail, probated for 12 months, and fined $350. His conviction was affirmed on appeal. Cano v. State of Texas, 2006 WL 47042 (Tex.App.–San Antonio Jan. 11, 2006) (unpublished), cert. denied, 127 S.Ct. 1822 (2007).

In May of 2005, Cano filed pro se the instant civil rights action in federal district court, alleging, inter alia, use of excessive force, failure to train, and false arrest. Cano alleged $7.5 million dollars in compensatory damages. The district court granted his motion to proceed in forma pauperis but denied his motion for appointment of counsel. The only defendant in this suit is Bexar County.

Cano filed a motion for judgment on the pleadings and both parties filed a motion for summary judgment. The magistrate judge filed a 45-page report recommending that Bexar County's motion for summary judgment be granted with respect to all of Cano's claims. The magistrate judge also recommended denying all of Cano's pending motions. Cano filed objections to the report and recommendation. In a 32-page order, the district court adopted the report and recommendation and granted Bexar County's motion for summary judgment. Cano filed a timely notice of appeal.

II.   ANALYSIS

A.   STANDARD OF REVIEW

We review the district court's grant of judgment as a matter of law de novo, applying the same standard as the district court.  Sobley v. Southern Natural Gas Co., 210 F.3d 561, 563 (5th Cir. 2000).  Judgment as a matter of law is appropriate if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."   Fed.R.Civ.P. 50(a)(1). This Court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

B.   EXCESSIVE FORCE

Cano contends that Sergeant Amerson's use of the ASP baton constituted excessive force.  In order for a municipality to be held liable pursuant to 42 U.S.C.  § 1983, it must be established that a municipal policy or custom caused a constitutional violation.  Leatherman v. Tarrant County Narcotics Unit, 113 S.Ct. 1160, 1162 (1993).  In an attempt to show such a policy, in his brief Cano contends that the Manual of Policy and Procedure of the Bexar County Sheriff's Office advises: "the use of force even though there is no need for force and a Deputy is not in danger."  (emphasis in brief).  First, the purported quote is a paraphrase and the excerpt is misleading.  Section 9.02D actually provides that:

> Officers may use reasonable force to overcome resistance to the lawful performance of duties, even though there is no immediate or apparent danger calling for self-defense.  However, officers must be acting within the scope of their official authority.  Every reasonable opportunity to comply with the request for cooperation must be given to the person and force used only after all other reasonable means have failed to produce compliance.

Moreover, the manual of policy and procedure also provides that: "It is the general policy of the Department that the use of force by an officer should be

3

only that amount and degree of force which is reasonable and necessary, under the circumstances, to perform a specific duty. . . ." § 9.02A. Section 9.02B further provides that:

> In each instance of the use of force, the officer should exhaust every reasonable means of employing the minimum amount of force to effect an objective before escalating to the next, more forceful method. However, an officer is not required to engage in prolonged combat or struggle rather than resorting to that method which will most quickly and safely bring the situation under control.

In light of the above language, we reject Cano's claim that Bexar County had a formal policy for its officers to use excessive force.

Nonetheless, a municipality "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691-92 (1978). Attempting to demonstrate such a custom, Cano submitted newspaper articles describing incidents involving the Bexar County Sheriff's Office. Newspaper articles, however, are hearsay and therefore do not constitute competent summary judgment evidence. Roberts v. City of Shreveport, 397 F.3d 287, 295 (5th Cir. 2005).

Additionally, Cano submitted evidence of internal affairs investigations with respect to the Bexar County Sheriff's deputies dated from 1990 to after the instant incident. Of course, the investigations subsequent to the instant incident are not relevant because such incidents "could not have informed [Bexar] County's judgment" with respect to the instant claim. Barkley v. Dillard Department Stores, 2008 WL 1924178 (5th Cir. May 2, 2008) (unpublished). Further, this Court has explained that the "plaintiff must demonstrate at least a pattern of similar incidents in which the citizens were injured." Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 383 (5th Cir.

4

2005) (internal quotation marks and footnote omitted). "Prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." Id. (footnote omitted). Thus, the internal affairs investigations that did not involve claims of excessive force are not relevant. After winnowing out the irrelevant internal affairs investigations, we are left with less than a dozen claims of excessive force during a 15-year time frame. None of which were found to have merit. We have held that evidence of eleven instances of purportedly unconstitutional conduct in a large metropolitan police force was insufficient to create a fact issue regarding a pattern of illegality that would constitute an unwritten municipal custom. See Pineda v. City of Houston, 291 F.3d 325, 329 (5th Cir. 2002) (involving warrantless searches). We therefore conclude that the evidence of internal affairs investigations fails to create a fact issue with respect to a pattern of use of excessive force in the instant case.[1]

Cano also submitted an affidavit executed by a member of the San Antonio Police Department, Sergeant Rakun. In his affidavit, Sergeant Rakun opined that he had investigated the instant use of force and concluded that Sergeant Amerson used excessive force on Cano. Even assuming for purposes of this appeal, that Cano was the victim of excessive force in this instance, he has failed to make a sufficient showing that there was a persistent pattern or custom excessive force. See Pineda, 291 F.3d at 329 (explaining that "one act is not itself a custom" and "[t]here must be a persistent and widespread practice") (internal quotation marks and footnote omitted). The district court properly granted summary judgment with respect to Cano's claim of excessive force.[2]

---

[1] Cano also contends that although the Bexar County Sheriff's Office found that none of the citizen's complaints were meritorious from 2000-2003, a nationwide study indicates that 12 percent of excessive force claims are found to be meritorious. This statistic does not demonstrate a pattern of use of excessive force by Bexar County deputies.

[2] Because Cano has failed to demonstrate a pattern of excessive force, his claim that the Sheriff had a custom of failing to discipline deputies for use of excessive force also fails.

C.    FAILURE TO TRAIN OFFICERS

Cano next claims that the Sheriff's Office failed to train its officers in the use of the ASP baton and that failure caused his injury. To succeed on this claim, Cano must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998).

The Sheriff's Office provided an affidavit executed by Deputy Chief Ian Lovestock, who is the Director of the Bexar County Sheriff's Office's Training Academy. The affidavit provides that all deputies must hold the basic peace officer license and that training for such license is regulated by the State of Texas. There are also continuing education requirements mandated after an officer obtains a peace officer license. The Bexar County Sheriff's Office's Training Academy is in operation year round and offers over 100 different classes. There is training in "use of force" and instructions that prohibit excessive force. The deputies are also required to take the ASP baton certification course.

Additionally, the Sheriff's Office submitted the course materials for the ASP baton certification course. The Sheriff's Office also submitted the academy's training log, which provides the classes taught, the number of students and the hours training received.

Nonetheless, Cano contends that the training is deficient because it does not instruct "when the weapon can be directed at vital bodily areas." Supervisor liability under § 1983 requires a showing of the supervisor's "deliberate indifference to the known or obvious fact that such constitutional violations would result" and "[t]hat generally requires that a plaintiff demonstrate at least a pattern of similar violations." Johnson v. Deep East Texas Regional Narcotics,

379 F.3d 293, 309 (5th Cir. 2004) (internal quotation marks and citation omitted). Accordingly, even assuming for purposes of this appeal that there is a fact issue as to the first and second requirements listed above, there is no showing of a pattern of injuries inflicted by the incorrect use of the ASP baton. The district court properly granted summary judgment on this claim.

### D. FALSE ARREST

Cano also brought a false arrest claim, asserting there was a pattern and practice of Fourth Amendment violations. Bexar County responds that Heck v. Humphrey, 512 U.S. 477 (1994), bars Cano's claim for false arrest. Heck teaches that in a § 1983 action, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. Cano's conviction was affirmed on direct appeal, and he makes no assertion that it has been invalidated in a post-conviction proceeding.

Although there are circumstances in which false arrest claims would not necessarily imply the invalidity of a conviction, see Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995), that is not true here. In this case, Deputy Amerson arrested Cano based on his observations of Cano's interaction with the victim of the assault. In other words, Cano's conduct that gave rise to probable cause to arrest is also the conduct that forms the basis of his conviction. Therefore, because a judgment in favor of Cano would necessarily imply the invalidity of his assault conviction, Heck bars this claim.

### E. APPOINTMENT OF COUNSEL

Cano next argues that the district court erred in denying him appointed counsel. In general, there is no right to counsel in a § 1983 case. However, a district court has the discretion to appoint counsel if it would advance the proper

administration of justice.  28 U.S.C. § 1915; Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).  A district court is not required to appoint counsel in a § 1983 case unless exceptional circumstances are shown.  Ulmer, 691 F.2d at 212.  In determining whether such circumstances exist, we look to the complexity of the case and the abilities of the plaintiff.  Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).  In the case at bar, we are not persuaded that exceptional circumstances have been shown.  Thus, the district court did not abuse its discretion in refusing to appoint counsel.

Cano also challenges other actions or omissions on the part of the district court, including granting Bexar County a continuance, failure to hold a hearing, and evidentiary challenges.  We have reviewed the record and concluded that Cano has failed to show that the district court abused its discretion.

III.  CONCLUSION

For the above reasons, we AFFIRM the district court's grant of summary judgment.