# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30970
Summary Calendar

JOHN A. OLAGUES,

Plaintiff-Appellant,

v.

MARY E. HUNDLEY,
In Her Individual and Official Capacity;
PEGGY TRANCHINA, Jefferson Parish Sheriff's Office,
in Her Individual and Official Capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CV-2734

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

John Olagues sued for declaratory judgment, asking the district court (1) to declare that certain California extradition orders and related documents were fraudulent, (2) to declare that certain Louisiana arrest warrants and related documents were fraudulent, (3) to declare that he was never a fugitive as defined by California law, and (4) to order that Mary Hundley and Peggy Tranchina correct all documents reflecting Olagues's fugitive status. The crux of Olagues's argument is that he could not be arrested in Louisiana because he was not a fugitive under California law.

The district court dismissed Olagues's petition for failure to state a claim pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, concluding that any judgment in his favor would implicitly question his criminal conviction in California in violation of Heck v. Humphrey, 512 U.S. 477 (1994). The court denied Olagues's motion for leave to proceed in forma pauperis ("IFP") on appeal and certified that the appeal was not taken in good faith. Olagues has filed in this court a motion for leave to proceed IFP. By doing so, he is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). All parties have filed their respective appellate briefs addressing the merits of the appeal.

Olagues argues that the district court erred in relying on Heck to conclude that his request for relief would invalidate his conviction. An unlawful arrest action does not necessarily imply the invalidity of an underlying conviction. See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). Because Olagues has presented a nonfrivolous issue for appeal, he should be granted leave to proceed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IFP. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

Nevertheless, we conclude that the appeal is without merit, and we may affirm on any ground supported by the record. See Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); see also Baugh, 117 F.3d at 202 (holding that this court may determine the merits of an IFP movant's appeal where the merits are sufficiently intertwined with the certification decision). The Uniform Criminal Extradition Act expressly authorizes the arrest and extradition of anyone in Louisiana who is wanted in another state for commission of a crime, even if the person was not in that state when the crime was committed and has not fled from that state. See LA. CODE CRIM. P. art. 262.1. Thus, Olagues's assertion that he could not be arrested and extradited because he was not a fugitive necessarily fails.

The motion to proceed IFP on appeal is GRANTED. The judgment is AFFIRMED.