# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2011

No. 10-30506
Summary Calendar

Lyle W. Cayce
Clerk

ANTHONY PROFIT,

Plaintiff-Appellant

v.

OUACHITA PARISH,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-1838

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Profit, a pretrial detainee, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's stay of his civil complaint against Ouachita Parish. The district court ordered that Profit's civil rights suit be stayed until the alleged improper state criminal prosecution was concluded because Profit's civil rights claims attacked the legality of a detainee's arrest, prosecution, and detention.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30506

The district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If a prisoner opts to challenge the district court's certification decision, the prisoner may file a motion in the court of appeals for leave to proceed IFP, which "must be directed solely to the trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. This court, however, may dismiss the appeal as frivolous when it is apparent that an appeal would be meritless. *Id.* at 202 n.24.

In his brief, Profit sets forth legal concepts but fails to brief any argument regarding the district court's certification decision or, in particular, the district court's decision to stay his suit. Although we liberally construe pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to discuss the district court's rationale for staying his complaint, Profit has abandoned the issue, and it is the same as if he had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Furthermore, notwithstanding Profit's failure to brief, the district court correctly stayed the proceedings in this civil action pending the resolution of the criminal charges against Profit. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Heck v. Humphry*, 512 U.S. 477, 486-87, 487 n.8 (1994); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Thus, Profit has failed to demonstrate that he will raise a nonfrivolous issue on appeal, and this appeal is without arguable merit. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.