# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2011

No. 11-30499
Summary Calendar

Lyle W. Cayce
Clerk

JAMES DENNIS WILSON,

Plaintiff - Appellant

v.

POLICE DEPARTMENT OF BOSSIER CITY; CHIEF MCWILLIAMS; JASON JENKINS; JEFF COLE; RICHARD MCGEE,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CV-1777

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Dennis Wilson, Louisiana prisoner # 131553, proceeding *pro se* and *in forma pauperis*, challenges the dismissal with prejudice, under 28 U.S.C. § 1915(e), of his 42 U.S.C. § 1983 action. In his complaint, Wilson claimed there was no probable cause for his purse-snatching arrest (he was subsequently convicted for that offense) because the affidavit supporting the arrest warrant relied on false information.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30499

Wilson contends the district court erred by:  characterizing his complaint as frivolous; dismissing his complaint with, instead of without, prejudice; and determining his claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for abuse of discretion.  *E.g., Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

"[T]o recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", a § 1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal or otherwise invalidated by official action.  *Heck*, 512 U.S. at 486-87 (footnote omitted). Therefore, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated".  *Id.* at 487.

Although "a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest",  *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (emphasis in original), the crux of Wilson's § 1983 claim is that testimony rejected by the jury is, in fact, true. Accordingly, the district court did not err in concluding that Wilson's claim is barred by *Heck*.  Wilson has also failed to demonstrate the court erred in dismissing his claim as frivolous.  *See Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994) (dismissing claims as frivolous and concluding dismissal with prejudice of prisoner's § 1983 claim was permitted under *Heck*).

AFFIRMED.

2