# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2026

Lyle W. Cayce
Clerk

_____

No. 25-50111

_____

Richard Dennis Lancaster,

*Plaintiff—Appellant*,

*versus*

Anton Slavich; FNU Pinon,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-323

_____

Before Southwick, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Richard Dennis Lancaster, Texas prisoner # 2529130, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal, under 28 U.S.C. § 1915(e), of his civil action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). By moving to proceed IFP in this court, Lancaster is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh*

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Lancaster has demonstrated a nonfrivolous issue for appeal with respect to the district court's determination that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). As he has also shown that he qualifies as a pauper, he is entitled to procced IFP on appeal. *See Howard*, 707 F.2d at 220; *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). However, for the reasons set forth below, we will dispense with further briefing and affirm the district court's dismissal. *See Baugh*, 117 F.3d at 202.

Lancaster asserts in abbreviated fashion that *Bivens* applies to his claims because both defendants are federal officers. He has failed to show error in the district court's alternate determination that his claims should be dismissed because they do not fall within the remedy provided by *Bivens* and *Bivens* should not be extended in this case. *See Hernandez v. Causey*, 124 F.4th 325, 335 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1930 (2025). Accordingly, we need not decide whether the district court erred in determining that Lancaster's claims are also barred by *Heck* or by the statute of limitations. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We therefore GRANT IFP but AFFIRM the judgment of the district court. Lancaster's motion for the production of documents is DENIED. The district court's dismissal of Lancaster's civil action counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Lancaster is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any

No. 25-50111

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).