United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-60593
SUMMARY CALENDAR

————————————————

RUSSELL KEITH HILL,

Plaintiff - Appellant,

v.

SCOTT SCHWARTZ; THOMAS SCHWARTZ; LAMAR COUNTY
PUBLIC DEFENDER'S OFFICE,

Defendants - Appellees.

——————————————————————————————————————————

On Appeal from the United States District Court for the
Southern District of Mississippi
(2:02-CV-734)

——————————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review the district court's decision dismissing Plaintiff - Appellant,

Russell Hill's, 42 U.S.C. § 1983 complaint for failure to state a claim on which relief may be

granted.

Hill filed his complaint while he was awaiting trial for armed robbery, alleging a conspiracy

————————————

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

between the public defender, the state prosecutor, and a Mississippi state judge. Hill argues that the district court should not have dismissed his complaint for failure to state a claim because the alleged conspiracy violated his constitutional rights. He next argues that the district court should have converted his 42 U.S.C. § 1983 complaint into a 28 U.S.C. § 2254 habeas petition when Hill's state court conviction became final. Finally, Hill argues that the district court erred in assessing a strike against him for purposes of 28 U.S.C. § 1915(g).

At the time Hill filed his original 42 U.S.C. § 1983 complaint, his claims were subject to being stayed because Hill had not yet been convicted in Mississippi state court. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5ᵗʰ Cir. 1995). Following Hill's conviction, the district court correctly dismissed the complaint for failure to state a claim. *See id.*; *see also Heck v. Humphrey*, 512 U.S. 477 (1994).

Hill has failed to provide any evidence that he had exhausted his state court remedies with regard to his claims as required by 28 U.S.C. § 2254(b)(1). Hill has not shown that exhaustion of his state court remedies would be futile. *See Deters v. Collins*, 985 F.2d 789, 795-96 (5ᵗʰ Cir. 1993). Thus, the district court did not err in refusing to convert his 42 U.S.C. § 1983 complaint into a 28 U.S.C. § 2254 petition.

Finally, the district court did not err in assessing a strike against Hill. Hill's complaint was dismissed for failure to state a claim upon which relief may be granted, which counts as a strike. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 461-64 (5ᵗʰ Cir. 1998); 28 U.S.C. 915(g).

For the foregoing reasons, we affirm the district court's judgment.