Russell Keith HILL, Plaintiff–Appellant,

v.

Christopher B. EPPS, Commissioner, Mississippi Department of Corrections; Michael A. Wilson, Superintendent; J.J. Streeter, Warden, Unit 32, Defendants–Appellees.

No. 05–60016.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Russell Keith Hill, Woodville, MS, pro se.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Russell Keith Hill, Mississippi prisoner # L3506, has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 199–202 (5th Cir.1997). The district court dismissed the suit for failure to exhaust, pursuant to 42 U.S.C. § 1997e, and denied permission to proceed IFP on appeal.

Hill has not demonstrated any non-frivolous ground for appeal. He argues that sua sponte dismissal was error, that failure to exhaust is an affirmative defense that must be raised by the defendants, and that whether he has exhausted his administrative remedies cannot be determined from the face of his complaint. These arguments are without merit; the face of Hill's complaint states that he had not exhausted his administrative remedies prior to filing suit, mandating dismissal. *See* § 1997e(a); *Wendell v. Asher,* 162 F.3d 887, 889–90 (5th Cir.1998); *Underwood v. Wilson,* 151 F.3d 292, 292–93 (5th Cir. 1998).

Hill also asserts that he could not have grieved his complaint about violations that occurred while he was detained at the Mississippi State Penitentiary at Parchman following his transfer to a private prison facility. However, Hill offers no explanation regarding why he failed to avail himself of the grievance procedure at

the limited circumstances set forth in 5TH CIR R. 47.5.4.

Parchman prior to his transfer. His complaint concerns an eight-month period during which time he was allegedly denied sanitary living conditions and medical care. Hill was aware of the basis for his grievance during that time period but did not utilize the administrative remedies available at Parchman to seek redress. His subsequent transfer to a private prison facility does not excuse his failure to exhaust, and the district court thus did not err in dismissing his complaint. *See* § 1997e.

Hill's IFP motion is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. Prior to this proceeding, Hill had two strikes for purposes of the three-strikes provision of 28 U.S.C. § 1915(g). *See Hill v. Schwartz*, 94 Fed.Appx. 242 (5th Cir. 2004) (affirming the district court's dismissal for failure to state a claim of Hill's § 1983 lawsuit) (unpublished); *Hill v. Mississippi Board of Certified Court Reporters*, 124 Fed.Appx. 292 (affirming the district court's dismissal of Hill's § 1983 lawsuit for failure to state a claim and issuing sanctions warning) (unpublished); *see also Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir.1996). The dismissal of the instant appeal counts as Hill's third strike. *See Adepegba*, 103 F.3d at 385. Because Hill has now accumulated three strikes, he is barred from proceeding IFP in any civil action or appeal brought while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See id.;* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION IMPOSED.