James Francis **MAHONEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 24533.

United States Court of Appeals Fifth Circuit.

Dec. 28, 1967.

Jerald David Mize, Houston, Tex., for appellant.

James R. Gough and Donald L. Stone, Asst. U. S. Attys., Morton L. Susman,

U. S. Atty., and Fred L. Hartman, Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM.

Upon trial by the Court, appellant having waived jury trial, Mahoney was found guilty of unlawfully importing and transporting narcotics in violation of 21 U.S.C.A. § 174. The appeal is from this judgment of conviction.

A motion to suppress, seeking exclusion of the heroin seized by the narcotics agents was filed prior to trial. A hearing on this motion was held and the trial judge denied it. The motion was renewed and again denied at the trial on the merits. Appellant vigorously attacks the correctness of the orders denying these motions. His contention is that the heroin was obtained by the officers through a search and seizure without a warrant, where there was no probable cause. What is a reasonable search is not to be determined by any fixed formula. The recurring questions of reasonableness must find resolution in the facts and circumstances of each case. Reasonableness and probable cause are, in the first instance, for the district court to determine. We think that the district court conclusion that the facts and circumstances known to the officers here constituted adequate probable cause was correct. Consequently, he did not err in denying the motions to suppress.

Without merit is appellant's contention that it was unfair for the government to rely on the presumption arising from possession of the narcotics to justify the conviction of smuggling. The contention that direct proof of importation is necessary for a constitutional conviction is unsupported by authority. The statutory presumption has been consistently upheld.

No error was committed here. We Affirm.