# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3909

_____

|  |  |  |
|---|---|---|
| Darrell D. Whitmore, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Dennis Michael Harrington; Mark | * | Western District of Missouri. |
| Braden, | * | |
| | * | [PUBLISHED] |
| Appellees. | * | |

_____

Submitted: February 18, 2000
Filed: March 1, 2000

_____

Before RICHARD S. ARNOLD, LOKEN, AND HANSEN, Circuit Judges.

_____

PER CURIAM.

Darrell Whitmore appeals the district court's dismissal of his <u>Bivens</u>[1] action, and moves to proceed in forma pauperis (IFP) on appeal. We grant him permission to proceed IFP, leaving the fee-collection details to the district court in accordance with 28 U.S.C. § 1915(b). We also affirm in part, reverse in part, and remand.

---

[1]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

In our de novo review of the Federal Rule of Civil Procedure 12(b)(6) dismissal of a portion of Whitmore's complaint, we accept the complaint's factual allegations as true and construe them in the light most favorable to Whitmore.  See Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam).  We conclude the district court erred in dismissing Whitmore's unlawful-investigative-stop claim as barred by Heck v. Humphrey, 512 U.S. 477 (1994).  If Whitmore were to succeed on this claim, it would not necessarily imply the invalidity of his later drug convictions.  See id. at 487 n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction."); Moore v. Sims, No. 98-1441, 2000 WL 49086, at *2 (8th Cir. Jan. 24, 2000) (per curiam) (§ 1983 unlawful-seizure claim was not barred by Heck); Duffy v. Wolle, 123 F.3d 1026, 1037 (8th Cir. 1997) (recognizing § 1983 body of law applies to Bivens actions), cert. denied, 523 U.S. 1137 (1998).

Accordingly, we reverse the dismissal of Whitmore's investigative-stop claim and remand to the district court for further proceedings.  We also reverse the dismissal of Whitmore's state emotional-distress claim and remand for further consideration.  See 28 U.S.C. § 1367(a) (supplemental jurisdiction).  We affirm the dismissal of Whitmore's remaining federal claims for the reasons stated by the district court.  See 8th Cir. R. 47B.  We deny as moot Whitmore's motion for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.