# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1565

_____

| | | |
|---|---|---|
| Louis Charles Hamilton, II, and all other Citizens in and for the State of North Dakota, | * * * * | |
| Appellant, | * * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota |
| State of North Dakota; North Dakota Department of Labor; Disciplinary Board of the Supreme Court of the State of North Dakota; Governor John Hoeven, | * * * * * * | [UNPUBLISHED] |
| Appellees. | * | |

_____

Submitted:  July 5, 2002
Filed:  July 15, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Louis Charles Hamilton, II, appeals from the final judgment entered in the District Court[1] for the District of North Dakota, dismissing his 42 U.S.C. § 1983

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

action for lack of standing and for failure to state a claim. For reversal, Hamilton argues he has a fundamental right to challenge the constitutionality of state laws. For the reasons discussed below, we affirm the judgment of the district court.

We review the dismissal de novo. See Whitmore v. Harrington, 204 F.3d 784, 784 (8th Cir. 2000) (per curiam) (Fed. R. Civ. P. 12(b)(6) dismissal); Burton v. Central Interstate Low-Level Radioactive Waste Compact Comm'n, 23 F.3d 208, 209 (8th Cir.) (dismissal for lack of standing), cert. denied, 513 U.S. 951 (1994). We agree with the district court that Hamilton lacked standing to challenge the state laws in question, and that defendants were not subject to suit or liable for damages. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (requirements for standing); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (state and its officials acting in their official capacities are not "persons" within meaning of § 1983); Treleven v. University of Minnesota, 73 F.3d 816, 818 (8th Cir. 1996) (Eleventh Amendment prohibits § 1983 suit seeking monetary damages from individual state officers in their official capacities).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.