# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-1877

_____

Vernon Parker,                                    *
                                                  *
            Appellant,                            *
                                                  *
      v.                                          *
                                                  *
Det. John Matthews; Det. Severson;                *
Emmet Warkenthien, Police Officer for             *
City of Sioux Falls; City of Sioux Falls,         *
South Dakota, Minnehaha County                    *
Detectives,                                       *
                                                  *
            Appellees.                            *

_____                         Appeals from the United States
                                    District Court for the
No. 03-1899                         District of South Dakota.

_____
                                    [UNPUBLISHED]
Vernon Parker,                                    *
                                                  *
            Appellant,                            *
                                                  *
      v.                                          *
                                                  *
Det. John Matthews; Det. Severson;                *
City of Sioux Falls, South Dakota,                *
Minnehaha County Detectives,                      *
                                                  *
            Appellees.                            *


_____

Submitted: August 14, 2003
Filed: August 19, 2003
_____

Before MORRIS SHEPPARD ARNOLD, MURPHY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

South Dakota inmate Vernon Parker filed these actions under 42 U.S.C. § 1983, each arising from a series of allegedly abusive encounters with law enforcement officers in Sioux Falls. The district court dismissed both prior to service for failure to state a claim. Parker appeals, and we reverse in the first case and affirm in the second.

According to Parker's complaints, he was falsely arrested by Detectives Matthews and Severson in February 2002 and jailed for seven weeks before he was able to make bail. He alleges that after his release, detectives regularly followed him around town. In April 2002, Matthews and Severson accused him of having drugs, threatened to have his bail revoked if he did not tell the truth, and arrested him for attempting to possess a controlled substance. They stopped him again in June 2002 as he was leaving a Sioux Falls bar with a friend. According to the police report of the stop which Parker attached to his complaints, Matthews and Severson turned their car around to check a red Buick "parked on the north side of the Sportsmans bar with an unknown black male standing alongside." Parker alleged that the two officers forcefully pulled him from the car and interrogated him and his companion regarding alleged possession of drugs. His companion attempted to flee and discarded a bag of crack cocaine, but was quickly captured. Although the companion indicated Parker knew nothing about the drugs, Parker was taken to the station for questioning and charged with conspiracy to distribute crack cocaine.

Parker's two § 1983 claims were filed against the City of Sioux Falls and a number of law enforcement officers, claiming constitutional violations. The district court dismissed both cases, reasoning that Parker's claims of false arrest, unconstitutional searches, and fabrication of evidence were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (where success of § 1983 claim would necessarily imply invalidity of conviction, plaintiff must prove conviction has been reversed, expunged, or called into question), and that his claims of police harassment and use of excessive force did not rise to the level of a constitutional violation.

We conclude that preservice dismissal was not warranted in the first case. Accepting the allegations in the complaints as true, we cannot say that Parker's false arrest claims are barred by Heck. See Moore v. Sims, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (per curiam); Whitmore v. Harrington, 204 F.3d 784, 784-85 (8th Cir. 2000) (per curiam). Moreover, allegations that Parker was stopped and searched solely because of his race and that defendants used unnecessary force during his arrest were sufficient to avoid preservice dismissal. See Buffkins v. City of Omaha, 922 F.2d 465, 469-70 (8th Cir. 1990) (race alone does not create reasonable and articulable suspicion of criminal activity), cert. denied, 502 U.S. 898 (1991); Guite v. Wright, 147 F.3d 747, 750 (8th Cir. 1998) (right to be free from excessive force during arrest is clearly established right under Fourth Amendment).[1]

We affirm the dismissal of the second of Parker's complaints, however, as it is essentially repetitive of the first, and the latter may be amended on remand if appropriate. See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259

---

[1]Although Parker alleges only official capacity claims against the officers and did not allege his rights were violated pursuant to a custom or policy, we decline to affirm on that basis alone. If Parker had had notice of possible dismissal, he could have sought leave to amend his complaints to state individual capacity claims against the officers. See Good v. Dauphin County Soc. Servs. for Children & Youth, 891 F.2d 1087, 1096 (3d Cir. 1989).

F.3d 949, 954 (8th Cir. 2001) (plaintiff may not pursue multiple federal suits against same parties involving same controversy at same time).

Accordingly, we affirm case 03-1899, and reverse and remand for further proceedings in case 03-1877. We grant Parker leave to proceed in forma pauperis; the filing fee shall be assessed and the collection details left to the district court. <u>See</u> <u>Henderson v. Norris</u>, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.