United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60869
Summary Calendar

ERIC LAQUINNE BROWN,

                                    Plaintiff-Appellant,

versus

ROBERT G. SUDDUTH, Investigator, Pontotoc City Police, in
Individual and Official Capacities; MIKE MCGOWAN, Investigator,
Pontotoc County, in Individual and Official Capacities; FRANKY
DANIELS, Ex-Sheriff, in Individual and Official Capacities; LARRY
POOL, Sheriff, in Individual and Official Capacities,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:02-CV-12-D
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

     Eric Laquinne Brown, Mississippi prisoner # K0577, appeals

the district court's dismissal of his 42 U.S.C. § 1983 action for

failure to state a claim.  We previously remanded this matter to

the district court for further development of Brown's illegal

arrest claim, and a <u>Spears</u> hearing was held.  Brown argues that

he was arrested without probable cause or a warrant.  Although

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court concluded that Brown was arrested, the court determined without explanation that nothing in the facts indicated that the arrest was unlawful.

According to Brown, he was pulled over by a Pontotoc police officer for driving without license plates on his vehicle. Although Brown explained that his license plates had been stolen and he apparently had paperwork relating to this, his vehicle was surrounded by four or five additional police cars and he was told to go the police station for questioning. One of the officers unstrapped the holster on his gun and told Brown that he was going to go down to the station. Feeling threatened, Brown began to follow the officer's vehicle. Two police cars pulled behind Brown and followed him to the station. Once at the station, Brown was questioned regarding his whereabouts that day. He answered a few questions but eventually stopped answering questions and was formally arrested for the murder of his former girlfriend. The arrest report states that Brown was arrested for homicide. Brown argues that the law enforcement officers lacked probable cause or a warrant to arrest him on this charge. He contends that the law enforcement officers did not have any evidence linking him to the crime when they arrested him.

The defendants have not yet answered the complaint, and Brown's assertions must be taken as true in evaluating the dismissal for failure to state a claim. Morin v. Moore, 309 F.3d 316, 319 (5th Cir. 2002). Although it is uncontested that the

stop of Brown's vehicle for failure to display license plates was not unlawful, the record is devoid of evidence that there was probable cause at that time to arrest him for homicide.  No warrant had been issued for Brown's arrest.  Brown has adequately alleged both the denial of a constitutional right and state action.  See Doe v. Rains County Ind. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995).  Therefore, the district court erred in dismissing his complaint for failure to state a claim, and we vacate the district court's dismissal.  We remand to the district court for further proceedings not inconsistent with this decision.

VACATED AND REMANDED.