IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 05-61068

———————

ERIC LAQUINNE BROWN

Plaintiff-Appellant

v.

ROBERT G. SUDDUTH, LARRY POOL, MIKE MCGOWAN, and
FRANKY DANIELS

Defendants-Appellees

———————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:02-CV-12

———————

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case is before us for a third time. Eric Laquinne Brown, Mississippi prisoner #K0577, filed the instant 42 U.S.C. § 1983 action against Robert Sudduth, Larry Pool, Mike McGowan, and Franky Daniels alleging that he was arrested without probable cause or a warrant in violation of his Fourth and Fourteenth Amendment rights. He seeks compensatory and punitive damages, as well as attorneys' fees and costs.

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court first sua sponte dismissed Brown's complaint without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) on the ground that a claim for damages under § 1983 would not accrue until Brown's conviction or sentence had been invalidated. This court reversed. See Brown v. Subbuth, No. 02-60257 (5th Cir. Dec. 30, 2002). This court held that dismissal under Heck was premature because Brown's allegations did not clearly challenge the validity of his confinement and did not reflect whether a favorable judgment on his illegal arrest claim would necessarily imply the invalidity of his conviction. Id. at *2. On remand, the district court again sua sponte dismissed Brown's complaint, this time with prejudice, for failure to state a claim upon which relief could be granted. According to the district court, nothing in the facts indicated that Brown's arrest was unlawful. This court reversed. See Brown v. Sudduth, 93 F. App'x 674 (5th Cir. Apr. 5, 2004). This court held that because Brown had alleged both state action and the denial of a constitutional right, his complaint stated a claim upon which relief could be granted.

On remand for a second time, service of process was effectuated on the defendants, who then moved to dismiss Brown's complaint and, alternatively, for summary judgment, on three grounds: (1) Brown's claims were Heck barred, (2) probable cause existed to arrest Brown, and (3) Brown's knowing and voluntary guilty plea broke the chain of causation necessary to establish a § 1983 claim. The district court again dismissed Brown's complaint with prejudice. This time, the district court gave three alternative bases for dismissing the complaint. First, the district court held that Brown's guilty plea waived any non-jurisdictional defects to his conviction. Second, the district court held that Brown's claims were Heck barred. Third, the district court held that because Brown did not suffer any physical injury, he was not entitled to any monetary damages for mental or emotional injury under § 1983. Brown filed a timely notice of appeal. We again reverse.

2

1.    Guilty Plea and Waiver

The district court first held, without citation to authority, that because Brown entered a plea of guilty waiving all non-jurisdictional defects to his conviction, he also waived any § 1983 claim that he was arrested without probable cause.  The Supreme Court has flat out rejected this argument:

> Under our past decisions, as the District Court correctly recognized, a guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment.  It does not follow, however, that a guilty plea is a "waiver" of antecedent Fourth Amendment claims that may be given effect outside the confines of the criminal proceeding.  The defendant's rights under the Fourth Amendment are not among the trial rights that the necessarily waives when he knowingly and voluntarily pleads guilty.

Haring v. Prosise, 462 U.S. 306, 320-21 (1983).  In fact, this court has explicitly rejected the argument that a guilty plea in a Mississippi state court has any collateral estoppel or res judicata effect on subsequent § 1983 actions challenging the legality of an arrest.  See Brown v. Edwards, 721 F.2d 1442, 1447-48 (5th Cir. 1984).  As the Seventh Circuit cogently explained:

> [T]he existence of probable cause and a finding of guilt are two distinct issues.  Because [the plaintiff] did plead guilty to making a threatening phone call to [the victim], it is tempting to say, ex ante, that [the officer's] belief that [the plaintiff] had committed the offense of telephone harassment must have been reasonable.  However, there is no evidence that [the plaintiff's] guilty plea established what [the officer] knew at the time of the arrest -- the relevant time period for the probable cause analysis.  Thus, we decline to conclude that [the plaintiff's] § 1983 claim is barred by collateral estoppel.

Reynolds v. Jamison, 488 F.3d 756, 766 (7th Cir. 2007); see also Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994) (relevant inquiry for § 1983 unlawful arrest claim is whether arresting officers had probable cause at time of arrest,

not whether decision to arrest could be justified by information learned later). Here, there is no evidence that Brown's guilty plea established what the defendants knew at the time of his arrest. Indeed, the circumstances surrounding the arrest and the issue of probable cause were never even mentioned -- let alone established -- during the plea colloquy. Accordingly, the district court erred in concluding that the mere existence of Brown's guilty plea necessarily waived any subsequent § 1983 challenge to the legality of his arrest.

2.     Heck v. Humphrey

The district court, relying on Wells v. Bonner, 45 F.3d 90 (5th Cir. 1995) and Mackey v. Dickson, 47 F.3d 744 (5th Cir. 1995), next held that Heck barred Brown's § 1983 unlawful arrest claim. In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87. In Wells, this court addressed the applicability of Heck to § 1983 unlawful arrest claims and held that Heck bars any such claim when the underlying conviction is for resisting a search. 45 F.3d at 96. As this court explained, "Wells's proof to establish his false arrest claim, i.e., that there was no probable cause to arrest either for disorderly conduct or for resisting a search,

4

would demonstrate the invalidity of Wells's conviction for resisting a search." Id. at 95 (emphasis in original). Heck compelled this result. Indeed, in Heck, the Supreme Court specifically noted that § 1983 unlawful arrest claims cannot lie in cases in which "[a] state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. . . . [because] he would have to negate an element of the offense of which he has been convicted." Heck, 512 U.S. at 487 n.6.

The district court interpreted Wells -- and Heck -- to mean that any conviction arising out of an arrest necessarily precludes a § 1983 plaintiff from challenging the legality of his arrest. However, this interpretation ignores the central holding in Heck, which limited its bar to § 1983 actions that necessarily would imply the invalidity of the underlying conviction or sentence. Otherwise, the Supreme Court explained:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

Id. at 487 n.7 (internal citations omitted). In short, because a valid conviction may follow an illegal arrest, a successful § 1983 unlawful arrest action does not necessarily imply the invalidity of an underlying conviction. See Mackey, 47 F.3d at 746; see also Covington v. City of New York, 171 F.3d 117, 123 (2d Cir. 1999); Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998); Reynolds v. Jamison, 488 F.3d 756, 766-67 (7th Cir. 2007); Whitmore v. Harrington, 204 F.3d 784, 784-85 (8th Cir. 2000); Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558-59 (10th Cir. 1999); Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

Here, it can hardly be said that the proof required to establish Brown's unlawful arrest claim necessarily would imply the invalidity of his underlying murder conviction. See Brown, 721 F.2d at 1448 ("There is nothing necessarily inconsistent between the arrest being illegal and [the] conviction being proper."); see also Montgomery, 159 F.3d at 126 n.5 (holding that Heck did not toll statute of limitations for false arrest claim because proof of claim would not invalidate drunk driving conviction); Reynolds, 488 F.3d at 766-67 (holding that plaintiff's § 1983 claim for false arrest does not impugn the validity of conviction for telephone harassment); Whitmore, 204 F.3d at 784-85 (holding that success of plaintiff's unlawful-investigative stop claim would not necessarily imply invalidity of subsequent drug conviction); Beck, 195 F.3d at 558-59 (holding that plaintiff's challenge to arrest would not implicate any element of rape conviction or probation revocation). Thus, the district court erred in concluding that because Brown was ultimately convicted of the crime for which he was arrested, Heck necessarily bars his unlawful arrest claim.[2]

In Mackey, this court again addressed the applicability of Heck to § 1983 unlawful arrest claims. This court first noted that "a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest." Mackey, 47 F.3d at 746 (emphasis in original) (citations omitted). However, in Mackey, the underlying criminal case was still pending. This court held that dismissal under Heck is premature under such circumstances. Id. As this court explained:

---

[2] The district court also cited Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999). However, Sappington is distinguishable. In Sappington, the plaintiff was convicted for aggravated assault on a police officer. In holding that Heck barred the plaintiff's § 1983 excessive force claim, this court reasoned, "the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction." Id. Here, Brown's unlawful arrest claim does not necessarily undermine his murder conviction.

> If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by Heck.

Id. Thus, this court concluded, "[t]he [district] court may -- indeed should -- stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." Id.

The district court below interpreted Mackey to mean that § 1983 plaintiffs may only challenge the legality of their arrests if they were convicted at trial as opposed to by guilty plea. Nothing in Mackey -- or Heck for that matter -- limits § 1983 plaintiffs as such. In fact, this court has permitted § 1983 claims challenging the legality of an arrest notwithstanding the existence of a guilty plea. See Ballard v. Burton, 444 F.3d 391, 400-01 (5th Cir. 2006) (finding that district court erred in determining Heck barred § 1983 action in case involving Alford plea); see also Thore v. Howe, 466 F.3d 173, 185 (1st Cir. 2006) (rejecting per se rule that judicial estoppel automatically applies to facts admitted during plea colloquy in § 1983 action); Reynolds, 488 F.3d at 767 ("Whether Officer Darr had probable cause to arrest Reynolds has no bearing on the validity of his subsequent guilty plea and criminal conviction."); Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) (en banc) (holding that Heck does not bar § 1983 action unless action necessarily impugns underlying conviction even if product of guilty plea); Dyer v. Lee, 488 F.3d 876, 879, 884 (11th Cir. 2007) (finding that district court erred in determining that Heck barred § 1983 excessive force action in case involving guilty plea). Moreover, this court has explicitly rejected the

argument that guilty pleas have any collateral estoppel or res judicata effect on subsequent § 1983 claims challenging the legality of an arrest. See Brown, 721 F.2d at 1447-48.

In short, having read Wells too broadly and Mackey too narrowly, the district court erred in concluding that Heck necessarily barred Brown's § 1983 claim on the basis that he had been convicted following a guilty plea.

## 3. Monetary Damages

The district court finally held that because Brown seeks only monetary damages and he has not alleged a physical injury, his claim for compensatory damages must fail. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Here, Brown sought compensatory damages for the sole alleged injury of liberty deprivation. Having not alleged a physical injury, the district court correctly concluded that Brown's claim for compensatory damages must fail. See Heck, 512 U.S. at 487 n.7 (holding that a prisoner is not entitled to recover compensatory damages stemming from an unlawful search that does not cause actual, compensable injury, but instead causes only the injury of being convicted and imprisoned); Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.").

However, "[t]he law is well-established in this Circuit that plaintiffs may recover nominal damages when their constitutional rights have been violated but they are unable to prove actual injury. . . . [and j]ust as nominal damages are allowed without proof of injury, 'a punitive award may stand in the absence of actual damages where there has been a constitutional violation.'" Williams v. Kaufman County, 352 F.3d 994, 1014-15 (5th Cir. 2003) (quoting Louisiana

ACORN Fair Housing, Inc. v. LeBlanc, 211 F.3d 298, 302-03 (5th Cir. 2000)).[3] This court has not addressed the issue of whether § 1997e(e) bars a claim for nominal and punitive damages absent an allegation of physical injury. We need not do so today because the issue of damages is premature given that there has been no determination of whether Brown has even suffered a constitutional violation in the first place.[4]

For the foregoing reasons, we reverse the decision of the district court and remand this matter for proceedings consistent with this opinion.[5]

REVERSED AND REMANDED.

---

[3] Brown maintains that he is entitled to nominal damages in his brief, though he does not appear to seek such damages in his complaint.

[4] We do note, however, that the issue has divided our sister circuits. See, e.g., Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002) (holding that § 1997e(e) does not bar recovery for nominal and punitive damages); Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3d Cir. 2000) (same); Calhoun v. Detella, 319 F.3d 936, 940 (7th Cir. 2003) (same); Munn v. Toney, 433 F.3d 1087, 1089 (8th Cir. 2006) (same); Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (same); Searles v. Van Bebber, 251 F.3d 869, 880-81 (10th Cir. 2001) (same); but see Harris v. Garner, 190 F.3d 1279, 1282, 1287-88 & n. 9 (11th Cir. 1999), vacated & reh'g en banc granted by 197 F.3d 1059, reinstated in pertinent part by 216 F.3d 970 (2000) (holding that § 1997e(e) bars recovery for punitive damages, but reserving issue of whether it also barred nominal damages); Davis v. District of Columbia, 158 F.3d 1342, 1348-49 (D.C. Cir. 1998) (same).

[5] The defendants argue that the district court's decision should be affirmed on the alternative basis that the evidence establishes that probable cause existed to arrest Brown. However, the district court did not rule on this basis and we hesitate to make a probable cause determination for the first time on appeal. Cf. Devenpeck v. Alford, 543 U.S. 146, 156 (2004) (declining to address issue of probable cause in the first instance on appeal); Mahoney v. United States, 387 F.2d 616, 617 (5th Cir. 1967) ("Reasonableness and probable cause are, in the first instance, for the district court to determine.").