# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1894

_____

Brad Jennings

*Plaintiff - Appellant*

v.

Daniel F. Nash; James Michael Rackley; Dallas County; George Knowles

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 17, 2021
Filed: May 21, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.

_____

PER CURIAM.

Brad Jennings spent over eight years in prison after a jury found him guilty of murdering his wife. Once a Missouri court overturned his convictions, Jennings sued two of the investigating officers, one of their supervisors, and Dallas County for violating his constitutional rights. *See* 42 U.S.C. § 1983. Jennings lost at trial on one of the claims and at summary judgment on the others. We affirm.

I.

We begin with the numerous challenges to the district court's[1] summary-judgment order. We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to Jennings and drawing all reasonable inferences in his favor. *See Cronin v. Peterson*, 982 F.3d 1187, 1193 (8th Cir. 2020).

Several of the claims were based on the failure of Sergeant Daniel Nash and Sheriff James Rackley to disclose another officer's personnel report before the murder trial. The complaint alleges individual claims against both of them, another for civil conspiracy, and one more against Dallas County, Rackley's employer, for an unconstitutional policy or custom. We agree with the district court that all of these claims fail because the report was neither exculpatory nor material. *See McKay v. City of St. Louis*, 960 F.3d 1094, 1099 (8th Cir. 2020) (explaining that a due-process claim based on *Brady v. Maryland*, 373 U.S. 83 (1963), requires a showing that the undisclosed "evidence was material" and exculpatory); *see also Engesser v. Fox*, 993 F.3d 626, 632 (8th Cir. 2021) ("With no actual deprivation . . . , there can be no [conspiracy] liability." (internal quotation marks omitted)); *Kingsley v. Lawrence County*, 964 F.3d 690, 703 (8th Cir. 2020) ("[A]bsent a constitutional violation by a county employee, there can be no § 1983 or *Monell* liability for the county." (brackets and quotation marks omitted)).

The remaining conspiracy claims meet a similar fate. Sergeant Nash and Sheriff Rackley could not be liable for failing to tell Jennings that his wife had previously attempted suicide, because that fact was known and "readily available to the" defense. *See Helmig v. Fowler*, 828 F.3d 755, 761–62 (8th Cir. 2016); *Engesser*, 993 F.3d at 632. And there was no evidence that Nash and Rackley *agreed* to withhold the gunshot-residue test that ended up being the basis for overturning his

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

convictions.  *See Helmig*, 828 F.3d at 763 (observing that plaintiffs "must allege with particularity and specifically demonstrate" an agreement (quotation marks omitted)).

Finally, Lieutenant George Knowles was entitled to qualified immunity on the claim that he failed to adequately supervise Sergeant Nash.  *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015).  Jennings did not even allege, much less show, that Knowles directly participated in any violation of his constitutional rights, and there is no evidence that he "authorized" or "was deliberately indifferent to" a "pattern of unconstitutional acts."  *Id.*

II.

Jennings also raises numerous challenges to the way the magistrate judge[2] conducted the trial.  Like the rulings at summary judgment, there was no reversible error at trial either.

First, there was no abuse of discretion when the magistrate judge allowed the prosecutor from Jennings's criminal trial to testify that probable cause supported the murder charge.  *See Valadez v. Watkins Motor Lines, Inc.*, 758 F.3d 975, 980 (8th Cir. 2014) (reviewing evidentiary rulings for an abuse of discretion).  Jennings himself made probable cause a central issue by arguing that there had been no reason to suspect him of murder.  It was fair game for Sergeant Nash to then call the prosecutor "to rebut the impression left by" testimony that Jennings had introduced.  *Wright v. Ark. & Mo. R.R. Co.*, 574 F.3d 612, 619 (8th Cir. 2009); *see id.* (discussing the opening-the-door doctrine).

Second, the magistrate judge did not mishandle the testimony of any witnesses.  Some of Jennings's arguments on appeal just misinterpret the record, like

_____

[2]The Honorable Willie J. Epps, Jr., United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties.  *See* 28 U.S.C. § 636(c).

the one claiming that his expert witness was never able to testify about why she believed that Jennings's convictions were unlawful, when, in fact, she did. Similarly, despite Jennings's argument to the contrary, his gunshot-residue expert was able to explain how the dried blood on his hands suggested that he had not washed them. And when the prosecutor speculated that Jennings might have rinsed off the gunshot residue before the police arrived, the judge instructed the jury to disregard his statement. *See Smith v. SEECO, Inc.*, 922 F.3d 406, 414 (8th Cir. 2019) (explaining that we presume that juries follow instructions to disregard inadmissible evidence).

For the remaining challenges, we agree with the reasoning of the magistrate judge, who addressed them all in an order denying Jennings's motion for a new trial.[3] *See* 8th Cir. R. 47B; *Whitmore v. Harrington*, 204 F.3d 784, 785 (8th Cir. 2000) (per curiam). Simply put, none justifies overturning the jury verdict.

## III.

We accordingly affirm the judgment.

_____

---

[3]The only exceptions are Jennings's vague argument about "propensity evidence" and the evidentiary challenges he raises for the first time in his reply brief—none of which are properly before us. *See Montin v. Moore*, 846 F.3d 289, 295 (8th Cir. 2017) ("[C]laims not raised in an opening brief are deemed waived . . . ." (quotation marks omitted)); *Watson v. O'Neill*, 365 F.3d 609, 615 (8th Cir. 2004) ("address[ing]" only those "objectionable evidentiary rulings" that had been "sufficiently identified and discussed in [the plaintiff's] brief").