**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 9, 2012

Lyle W. Cayce
Clerk

No. 10-20821
Summary Calendar

PETE JOE VILLEGAS,

Plaintiff-Appellant

v.

PHILLIP GALLOWAY; ELIZABETH EPPIE; M. TODD; PAMELA HAYTER; YOLANDA WASHINGTON; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2906

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pete Joe Villegas, currently federal prisoner # 20355-179, was paroled in 2001 after serving a sentence for a Texas drug conviction. On April 29, 2003, law enforcement officials executed a search warrant at a residence where Villegas was staying and found numerous firearms. Villegas was indicted on two federal firearms charges and was convicted by a jury in 2005. He was sentenced to consecutive terms of 120 and 90 months in prison. In addition, Texas revoked

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his parole in April 2006. This court affirmed Villegas's federal conviction in 2007.

In August 2010, Villegas filed a complaint against numerous defendants involved in his arrest, prosecution, conviction, and parole revocation, alleging violations of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; assault and battery; false imprisonment; and violations of the Racketeer Influenced and Corrupt Organization Act (RICO). He now appeals the district court's dismissal of his complaint. Finding no error, we affirm.

Villegas contends that the district court erred by dismissing his claims as time barred, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim. We review de novo a dismissal as both frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

We first conclude that the individual capacity claims against Judge Lee Rosenthal, who presided over Villegas's criminal trial, and the four federal prosecutors that he sued–Hazel Jones, Richard Magness, Michael Shelby, and Chuck Rosenberg–are barred by absolute immunity, a threshold question that is appropriate to address before reaching whether a claim is barred by *Heck*. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343-44 (2009)(addressing absolute prosecutorial immunity); *Davis v. Tarrant County,* 565 F.3d 214, 221-22 (5th Cir. 2009)(addressing absolute judicial immunity); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)("[I]t remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity . . . as a threshold matter."); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995)(absolute immunity is a threshold matter that should be determined as early as possible in a proceeding). Villegas alleged no facts that would overcome immunity of either

Judge Rosenthal[1] or the four federal prosecutors. Similarly, to the extent that they participated in the decision to revoke Villegas's parole, the parole hearing officers, Diane Schwartz, Sandy Fletcher, and Donna Graham-Green, and parole officers Elizabeth Eppie, M. Todd, and Pamela Hayter, are absolutely immune from suit. *See Hulsey*, 63 F.3d at 356; *Farrish v. Miss. State Parole Bd.*, 836 F.2d 969, 975-76 (5th Cir. 1988). With respect to any actions by these defendants regarding the criminal prosecution and parole revocation that might fall outside the scope of absolute immunity, the claims are barred by *Heck* as discussed below.

Villegas's arguments that his federal conviction was obtained through constitutional violations at trial, including ineffective assistance of counsel, use of perjured testimony and fabricated evidence, intimidation of witnesses, suppression of favorable evidence, and a conspiracy by the defendants to imprison him, necessarily imply that his conviction was invalid. Thus, as his federal conviction has not been reversed, expunged, or invalidated, his claims are barred. *See Heck*, 512 U.S. at 486-87; *Stephenson v. Reno*, 28 F.3d 26, 27 & n.1 (5th Cir. 1994). The same is true of Villegas's claims that his parole revocation proceeding was the product of false testimony and evidence tampering, and that his parole was wrongly revoked. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995). Villegas concedes as much, but he argues that a separate parole charge for a different violation remains pending and asks this court for a stay of proceedings. Villegas admits that he is challenging only the April 2006 revocation and does not explain what challenge he can raise with respect to a parole revocation hearing that has not taken place.

---

[1] Villegas's claim that Judge Rosenthal acted without any jurisdiction because she had no jurisdiction over state proceedings is frivolous in light of the fact that Judge Rosenthal presided only over federal proceedings over which she had jurisdiction as an Article III district judge.

With respect to Villegas's claims arising out of the allegedly unlawful search and seizure, Villegas correctly argues that a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of the underlying criminal conviction. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). However, such claims are time barred. For a civil rights action, federal courts borrow the Texas personal injury statute of limitations, which is two years. *Texas Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 407 (5th Cir. 2008); *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). Villegas's claims accrued when he became aware that he suffered an injury or had sufficient information to know that he has been injured. *See Hitt*, 301 F.3d at 246. The alleged Fourth Amendment violations and purportedly unlawful arrest underlying Villegas's claims took place in April 2003, more than seven years before he filed his complaint.

Villegas contends that he was falsely imprisoned as a result of these violations, and that a claim of false imprisonment does not begin to run until the false imprisonment ends. According to Villegas, under Texas law, false imprisonment is a continuing tort and, therefore, his claim will not accrue until he is released. Villegas is mistaken. Federal law, not state law, determines when a claim accrues. *See Hitt*, 301 F.3d at 246. In addition, false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued in 2003, when a magistrate judge found probable cause to detain Villegas pending trial. Thus, the district court correctly dismissed those claims as time barred. *See id.* at 391-92.

In his brief, Villegas makes no mention of his assault and battery claims or any state law bases for his claims. He has, therefore, abandoned those issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He likewise has abandoned any challenge to the court's conclusion that he failed to state a claim

4

under §§ 1981, 1985, and 1986.  That determination was, in any event, correct as Villegas did not allege any discriminatory motive *See Jenkins v. Methodist Hosp. of Dallas*, 478 F.3d 255, 260-61 (5th Cir. 2007).  On its face, §1988 does not provide for a separate cause of action, only for recovery of attorney's fees and expert fees to parties prevailing on certain other causes of action.

Finally, Villegas requests leave to file a supplemental brief to address two arguments that he did not have time to address because he was required to complete his brief in his § 2254 appeal.  Supplemental briefs are ordinarily not allowed. 5TH CIR. R. 28.4. Further, Villegas was granted two briefing extensions totaling nearly 60 days, and he nevertheless filed his brief more than two months past the extended deadline.  He fails to explain, beyond a conclusional assertion, why he had insufficient time to address his other arguments, nor do we see any basis in the record or the applicable legal principles to conclude that additional briefing would alter our analysis.

JUDGMENT AFFIRMED; REQUEST TO FILE SUPPLEMENTAL BRIEF DENIED.