# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2017

Lyle W. Cayce
Clerk

FRANCISCO I. PENA, M.A. M.D.,

Plaintiff - Appellant

v.

TEXAS MEDICAL BOARD; ROBERTA M. KALAFUT, D.O., Former President, Texas Medical Board; KEITH MILLER, Former Member, Texas Medical Board; IRVIN E. ZEITLER, JR., D.O., President, Texas Medical Board; MARGARET C. MCNEESE, M.D., Member, Texas Medical Board; MARI ROBINSON, J.D., Executive Director, Texas Medical Board; MARK MARTYN, Former Staff Attorney, Texas Medical Board; STEPHEN B. WHITE, Former Staff Attorney, Texas Medical Board; WALTER B. MOSHER, Former Staff Attorney, Texas Medical Board; ELVIRA G. PASCUA-LIM, M.D., Board Member, Texas Medical Board; H. JANE CHIHAL, Board Member, Texas Medical Board; LEE S. ANDERSON, Former President, Texas Medical Board; ROBERT D. SIMPSON, Former General Counsel, Texas Medical Board,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CV-196

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

No. 16-40451

PER CURIAM:*

Francisco Pena, M.A., M.D., brought this action against the Texas Medical Board and several current and former members and employees of the Board. The district court dismissed Dr. Pena's claims. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

Dr. Francisco Pena resides and practices medicine in Webb County, Texas. In response to what Dr. Pena alleges was an anonymous complaint, the Texas Medical Board initiated investigations to determine whether Dr. Pena had breached the professional standard of care in the course of his practice. Eventually, Dr. Pena was represented by counsel in a series of sanctions-related proceedings with the Board pursuant to Chapter 164 of the Texas Occupations Code. On December 10, 2004, the proceedings culminated in Dr. Pena's acceptance of a ten-year probationary sanction consisting of a public reprimand, a prohibition from engaging in the practice of obstetrics, and a prohibition from advertising as board certified in family and addiction medicine. Dr. Pena sought relief from his sanction order from the Board, but to no avail.

In December 2014, while still subject to the sanction order, Dr. Pena brought this action for declaratory and injunctive relief. He argued that various provisions of the Texas Occupations Code and associated regulations were unconstitutional, both facially and as applied. He claimed that the defendants' application of the Texas Occupations Code violated his right to due process and equal protection under the Fourteenth Amendment, his right to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40451

make and enforce contracts under 42 U.S.C. § 1981, and his right to freedom of speech and association under the First and Fourteenth Amendments. He sought to have certain provisions of the Texas Occupations Code and his 2004 sanction order declared invalid, and to enjoin the sanction order's continued implementation and dissemination to a national data bank responsible for registering sanctions against licensed physicians. Dr. Pena asserted his causes of action pursuant to 42 U.S.C. § 1983 and directly under the Texas constitution.

The district court dismissed all of Dr. Pena's federal law claims and declined to reach his state law claims. It dismissed his Section 1983 claims against the Board on sovereign immunity grounds and his Section 1983 claims against the Board's former members for lack of standing. The district court also dismissed Dr. Pena's as-applied challenges under Section 1983 as to all the defendants as barred by the Texas two-year statute of limitations for personal injuries. In a separate order, and after requiring Dr. Pena to show good cause as to why his facial challenge should not be dismissed, the court dismissed all of Dr. Pena's remaining claims. The defendants argued all of Dr. Pena's claims were barred by a contractual waiver in the sanction order, but the district court declined to reach that issue because it was "inadequately briefed."

## DISCUSSION

We review *de novo* the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quotation marks omitted). Dismissal "is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus

3

does not 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

On appeal, Dr. Pena focuses his argument on the district court's dismissal of his Section 1983 claims as barred by the applicable statute of limitations. The statute of limitations for suits brought under Section 1983 "is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). In this case, the Texas two-year statute of limitations for personal injuries applies to Dr. Pena's Section 1983 claims. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 16.003. Although Texas law provides the applicable statute of limitations, "the standard governing the accrual of a cause of action under section 1983 is determined by federal law." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Generally, the statute of limitations "begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski*, 237 F.3d at 576 (quotation marks omitted).

Dr. Pena argues the district court "misunderstood" or "mischaracterized" his claims and, as a result, erred in determining when his claims accrued for purposes of the statute of limitations. He contends the sanction's "restraint" on his medical license and medical practice is analogous to false imprisonment, which he submits is a continuing tort under Texas law that accrues on the date the detention ends. Accordingly, Dr. Pena argues his claim accrued on the date his sanction was lifted. That is not so, as accrual of a Section 1983 cause of action is determined by federal law, not state law. *Burrell*, 883 F.2d at 418.

No. 16-40451

For the same reason, we agree with another panel of this court that rejected an attempt to use the Texas tort of false imprisonment to determine accrual date. *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012).  Moreover, although Dr. Pena argues the sanction resulted in injury throughout the ten-year period, his argument at best alleges a "single violation followed by continuing consequences." *McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 867 (5th Cir. 1993).  The district court correctly determined that the two-year limitations period began to run when the sanction issued in 2004.

Dr. Pena also references an argument he made in the district court concerning the Board members' alleged violation of his federal rights on multiple occasions.  He urged the district court to look to the "continuing violations" doctrine from Title VII employment law, which "relieves a plaintiff of establishing that all of the complained-of conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) (quotation marks omitted).  Again, we agree with the district court that even if we were to assume the continuing violations theory applies, the outcome would be the same.  *See McGregor*, 3 F.3d at 866–67.  The last claimed unlawful act — and the only one possibly maintained on appeal — was the rejection of Dr. Pena's appeal before the Board as late as November 2010.  Dr. Pena filed his complaint in this case in December 2014, well outside the applicable two-year limitations period.

Finally, Dr. Pena makes a general reference to the doctrine of qualified immunity in his brief.  On appeal, "[i]t is not enough to merely mention or allude to a legal theory." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).  As Dr. Pena has failed to provide adequate briefing of any remaining legal issues, he "is deemed to have waived [them]." *Id.*

5

No. 16-40451

We AFFIRM.