# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50400
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2017

Lyle W. Cayce
Clerk

FREDERICK DELLOYD MANUEL,

Plaintiff-Appellant

v.

ROSEMARY LEHMBERG; JAMES YOUNG; DETECTIVE JASON STANISZWSKI; DETECTIVE SCOTT EHLERT; ANTHONY NELSON,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-752

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Frederick Delloyd Manuel, Texas prisoner # 1901942, is currently serving a life sentence without parole after his conviction for capital murder. In August 2015, he filed a complaint against numerous defendants alleging violations of his civil rights under 42 U.S.C. § 1983. His complaint alleged that defendants Staniszwski, Ehlert, and Nelson, officers with the Austin Police

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50400

Department, orchestrated an illegal and pretextual traffic stop in order take Manuel into custody and question him regarding a robbery at a Shell gas station. He claimed that, pursuant to a warrant, he was later falsely arrested for and charged with the Shell gas station robbery. He further claimed that all the defendants were responsible for an excessive bond of $750,000 related to the robbery charges, which was intended to keep Manuel falsely imprisoned until he was convicted on unrelated capital murder charges. He claimed that, after he was convicted of capital murder, his robbery charges were dismissed. He now appeals the district court's dismissal of his complaint. Finding no error, we affirm.

We first conclude that Manuel's claims against prosecutors Lehmberg and Young in their official capacities are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997). We further conclude that Manuel's individual capacity claims against Lehmberg and Young are barred by absolute immunity. *See Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Manuel's allegations that Lehmberg and Young failed to respond to motions, set an excessively high bond to ensure Manuel's imprisonment, and somehow violated his right to an examining trial under Texas law, concern actions that fall within the scope of prosecutorial immunity. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Thus, the district court correctly concluded that Manuel's claims against Lehmberg and Young are barred.

The district court also correctly concluded that Manuel's claims based on the unconstitutional traffic stop, false arrest and imprisonment, and malicious prosecution were frivolous because they were time barred. As Congress has not provided a statute of limitations in § 1983 cases, the federal courts borrow from the forum state's general personal-injury limitations period. *See Owens*

No. 16-50400

*v. Okure*, 488 U.S. 235, 249-50 (1989).   In Texas, the pertinent limitations period is two years from the day the cause of action accrues.   *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West 2005); *see also Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993).   Further, "a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citation and internal quotations marks omitted).

Manuel filed his complaint on August 15, 2015.   Because he alleges that his traffic stop occurred on April 9, 2011, his claim based on the unconstitutionality of the stop was barred by the two-year limitations period. Further, the two-year statute of limitations on Manuel's false arrest and imprisonment claims began to run at the time he was detained pursuant to legal process, and not—as Manuel argues—when he was released.   *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012).   Because Manuel alleges that he was detained by legal process as of June 2011, his false arrest and imprisonment claims were also barred by the two-year statute of limitations.   Finally, while the district court found that Manuel's malicious prosecution claims were also time barred, we find that his malicious prosecution claims are frivolous because they fail as a matter of law. *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc).

Additionally, Manuel claimed that Ehlert made statements to the *Austin American-Statesman* that violated his Sixth Amendment right to a fair trial by an impartial jury concerning his murder trial.   As such, successful prosecution of this claim "would necessarily imply that [his] criminal conviction was wrongful." *Heck v. Humphrey*, 412 U.S. 477, 486 n.6 (1994).   However, because Manuel admitted that he is challenging his murder conviction on appeal, and failed to allege that his murder conviction has been reversed, expunged,

invalidated or called into question by a federal court's issuance of a writ of habeas corpus, this claim is barred by *Heck*. *Id.* at 486-87.

Finally, Manuel claimed that the district court erred by not affording him the opportunity to amend his complaint or by not holding an evidentiary hearing. The record confirms that the district court provided Manuel with the opportunity to give a more definite statement through a questionnaire. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Additionally, there is nothing to indicate that Manuel did not plead his "best case" to the district court. *See Bazrowx*, 136 F.3d at 1054.

As such, Manuel's appeal is without arguable merit and is dismissed as frivolous. The dismissal of this appeal as frivolous and the district court's dismissal of Manuel's complaint as frivolous and for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Manuel is hereby warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.